**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**DEURSLA LASHAY BARRON**                                        **PLAINTIFF**

**V.**                 **CASE NO. 3:20-CV-318-LPR-BD**

**KYLE FRENCH**                                                     **DEFENDANT**

**RECOMMENDED DISPOSITION**

**I.**     **Procedure for Filing Objections:**

This Recommendation for dismissal has been sent to Judge Lee P. Rudofsky. Ms. Barron may file objections if she disagrees with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If no objections are filed, Judge Rudofsky can adopt this Recommendation without independently reviewing the record. If she does not file objections, Ms. Barron may waive the right to appeal questions of fact.

**II.**     **Discussion:**

Deursla Lashay Barron, a detainee in the Craighead County Detention Facility, filed this civil rights lawsuit without the help of a lawyer. (Doc. No. 2) Ms. Barron is proceeding *in forma pauperis* (IFP). In reviewing Ms. Barron's complaint, the Court has read her allegations liberally, assuming all allegations to be true. Even so, she has not stated a federal claim for relief.

Ms. Barron first alleges that Defendant French denied her the opportunity to shower on the date she drafted her complaint. Because Ms. Barron was a pre-trial detainee at the time of the events giving rise to her complaint, her claims are analyzed under the Due Process Clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979); and *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 905 (8th Cir. 2020).

Under *Bell*, the government may detain a defendant before trial and subject her to the detention facility's restrictions and conditions, "so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Stearns*, 957 F.3d at 907 (citing *Bell*, 441 U.S. at 536–37).

In determining whether a detainee's conditions of confinement constitute punishment, courts consider the totality of the circumstances, including the duration of the allegedly harsh conditions. *Stearns*, 957 F.3d at 909 (8th Cir. 2020); *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *Smith v. Copeland*, 87 F.3d 265, 268-69 (8th Cir. 1996); and *Green v. Baron*, 879 F.2d 305, 309 (8th Cir. 1989).

Under the Fourteenth Amendment, conditions of confinement are deemed impermissibly punitive if they "deprive inmates of the minimal civilized measures of life's necessities." *Owens*, 328 F.3d at 1027; see also *Green*, 879 F.2d at 309-10 (pretrial detainees have a "right to a safe and healthy environment," and must be provided "basic human necessities," including adequate food, clothing, shelter, personal hygiene, and sanitation). The length of time that a detainee is subjected to the allegedly unconstitutional conditions is a "critical factor" in the analysis. *Smith*, 87 F.3d at 269.

Based on the facts Ms. Barron alleges, the Court cannot conclude that Defendant French denied her "the minimal civilized measures of life's necessities" by denying her the opportunity to shower on one occasion. This one-time, minor inconvenience does not trigger constitutional protection. *Bell*, 441 U.S. at 339 n.21 ("There is, of course, a *de minimus* level of imposition with which the Constitution is not concerned") (internal quotation omitted).

Ms. Barron also complains that when she attempted to place five telephone "invitations" through the jail's kiosk, the computerized system erroneously allowed her to place only two invitations. (Doc. No. 2 at p.4) Notably, Ms. Barron does not allege that Defendant French—or any other Detention Facility employee—denied her the ability to use the telephone; instead, she alleges that a glitch in the computer limited her to only two of the usual five telephone invitations detainees are normally allowed. Prisoners do not enjoy the right to unlimited phone use. *Benzel v. Grammer*, 869 F.2d 1105, 1108 (8th Cir. 1989). This deprivation does not state a claim for relief.

### III. Conclusion:

The Court recommends that Ms. Barron's claims be DISMISSED, without prejudice. The Court further recommends that this dismissal constitute a "strike" for purposes of 28 U.S.C. § 1915(g) and that the Court certify that an *in forma pauperis* appeal of this decision would be frivolous and not taken in good faith.

DATED this 14th day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE