IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**DEURSLA LASHAY BARRON**                                         **PLAINTIFF**

**V.**                 **CASE NO. 3:20-CV-318-LPR-BD**

**KYLE FRENCH**                                                         **DEFENDANT**

## RECOMMENDED DISPOSITION

### Procedure for Filing Objections

This Recommendation for dismissal has been sent to Judge Lee P. Rudofsky. Any party may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If no objections are filed, Judge Rudofsky can adopt this Recommendation without independently reviewing the record. If the parties do not file objections, they may waive the right to appeal questions of fact.

**I.**     **Background**

Plaintiff Deursla Lashay Barron, a detainee at the Craighead County Detention Center (Detention Center), filed this civil rights lawsuit without the help of a lawyer. (Doc. No. 2) In her complaint and addendum, Ms. Barron alleges that, on October 4 and October 11, 2020, Defendant French denied her the opportunity to take a shower. In the addendum, she further complains that, since September 12, 2020, Defendant French denied her recreation time on seven occasions and slandered her name.

Defendant French has moved for summary judgment, contending that Ms. Barron failed to fully exhaust the grievance process before filing suit. (Doc. No. 15) Ms. Barron has not responded to the motion; and the time allowed for filing a response has passed.

## II.    Exhaustion

The Court must dismiss any claim that was not fully exhausted prior to filing a civil lawsuit under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (exhaustion of remedies "means using all steps that the [detention center] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory").

## III.   Grievance Policy

According to the Detention Center's policy, inmates use the same form (CCDC Form #00-005) to submit both grievances and requests. (Doc. No. 17-5) Under the policy, an aggrieved inmate must submit "a written statement . . . promptly following the incident on a form specified. Such statements shall be transmitted without interference within twelve (12) hours to the shift supervisor by the housing officer or staff member whom the grievance is given." (Doc. No. 17-5) The policy requires that the grievance "state fully the time, date, names of the jail officers and/or staff members involved, and pertinent details of the incident." (Doc. No. 17-5)

### A. Claims Regarding Denial of Recreation Time

According to the papers in the record, on September 29, 2020, Ms. Barron submitted a request for her "hour out." (Doc. No. 17-3 at p.212) In that request, Ms. Barron did not allege that Defendant French had denied her recreation time; rather, she simply requested her "hour out." Jailer Edwards responded "yes" to the grievance. (Doc. No. 17-3 at p.212) Because Ms. Barron did not name or refer to Defendant French in this grievance, she did not exhaust a claim that he denied her recreation time on September 29.

On October 17, Ms. Barron filed a grievance again complaining that she had been denied her "hour out yesterday on either shift." (Doc. No. 19-1 at p.20) She did not name or refer to Defendant French in that October 17 grievance. And in any event, Ms. Barron submitted her October 17 grievance after she had filed her complaint on October 9.

### B. Claim of Shower Denial

On September 29, Ms. Barron submitted a grievance complaining about her inability to access messages on the kiosk and asking about release from protective custody. (Doc. No. 17-3 p. 213) Defendant French is not mentioned by name or by reference.

On October 4, Ms. Barron submitted a grievance reporting that "someone" had hacked into the kiosk and tampered with her telephone account. (Doc. No. 19-1 at p.4) She did not name or refer to Defendant French in that grievance. On October 5, 2020, however, she appealed the kiosk grievance and, for the first time, complained that Defendant French had denied her the opportunity to take a shower on October 4. She also

3

named Defendant French, for the first time, as the person who allegedly hacked her kiosk account. (Doc. No. 19-1 at p.4) On October 11, Ms. Barron submitted another grievance about the alleged "tampering" with her kiosk account. (Doc. No. 19-1 p 12) She noted that "the only officer up here on duty while I am typing is Kyle French.") *Id.* There are no claims related to Defendant French's alleged interference with Ms. Barron's kiosk account. And again, this grievance was submitted after Ms. Barron filed her complaint.

## IV.   Defendant's Exhaustion Arguments

Defendant French contends that Ms. Barron did not exhaust the administrative process before filing this lawsuit, arguing that she did not comply with the Detention Center's grievance policy. Ms. Barron included her grievance about the denial of a shower in her appeal of the kiosk hacking grievance rather than filing a separate grievance within twelve hours of the incident.

The problem with this argument is that nothing in the policy requires an inmate/detainee to file a grievance within 12 hours of an incident. The 12-hour provision refers to the time a grievance must be "transmitted without interference . . . to the shift supervisor *by the housing officer or staff member* [to] whom the grievance is given." (Doc. No. 17-5 p.1) (emphasis supplied) The inmate or detainee is merely required to submit a grievance "promptly following the incident." *Id*. Here, Ms. Barron complained on Monday, October 5 that on Sunday, Defendant French had "only let me due [sic] 14 minutes in the holding tank instead of showering and doing my kiosk/phone time." (Doc. No. 19-1 p.4) Furthermore, there is nothing in the record to indicate that the shower grievance was rejected because it was raised for the first time in an appeal.

4

Failure to exhaust the grievance process is an affirmative defense, and Defendants have not met their burden to show that Ms. Barron's grievance complaining that Defendant French denied her a shower was not fully exhausted. Even so, Ms. Barron's claim that Defendant French denied her a shower should be dismissed.

## V.    Due Process Claim

Ms. Barron was a pre-trial detainee at the time of the events giving rise to her complaint. Therefore, her claim is analyzed under the Due Process Clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979); and *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 905 (8th Cir. 2020). Under *Bell*, the government may detain and subject a pretrial defendant to the detention facility's restrictions and conditions, "so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Stearns*, 957 F.3d at 907 (citing *Bell*, 441 U.S. at 536–37).

Under the Fourteenth Amendment, conditions of confinement are deemed impermissibly punitive if they "deprive inmates of the minimal civilized measures of life's necessities." *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); see also *Green v. Baron*, 879 F.2d 305, 309-10 (8th Cir. 1989) (pretrial detainees have a "right to a safe and healthy environment," and must be provided "basic human necessities," including adequate food, clothing, shelter, personal hygiene, and sanitation). The length of time that a detainee is subjected to unconstitutional conditions is a "critical factor" in the analysis. *Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir. 1996).

Ms. Barron's allegation that Defendant French denied her a shower, even if true, falls short of stating a constitutional claim for relief. Missing a shower on one occasion is not a denial of "the minimal civilized measures of life's necessities." This one-time, minor inconvenience does not trigger constitutional protection. *Bell*, 441 U.S. at 339 n.21 ("There is, of course, a *de minimus* level of imposition with which the Constitution is not concerned") (internal quotation omitted).

## VI.  Conclusion:

The Court recommends that Defendant French's motion for summary judgment (Doc. No. 15) be GRANTED, in part. Ms. Barron's claim that she was denied recreation time should be DISMISSED, without prejudice, based on her failure to exhaust her administrative remedies. Her claim that Defendant French denied her a shower on October 4, 2020, should be dismissed for failure to state a federal claim for relief.

DATED this 1st of April, 2021.

_____  
UNITED STATES MAGISTRATE JUDGE